In re Jimmy Dean PEARSON and Jeanette Lucille Pearson, also known as Jeanette Lucille Carlson, Debtors.

Jimmy Dean Pearson and Jeanette Lucille Pearson, Appellants,

v.

Mark R. Stewart, Trustee, Appellee.

BAP No. WY–07–097.
Bankruptcy No. 06–20528.

United States Bankruptcy Appellate Panel for the Tenth Circuit.

Jan. 29, 2009.

Before McFEELEY, Chief Judge, BOHANON, and THURMAN, Bankruptcy Judges.

ORDER REOPENING APPEAL, VACATING BANKRUPTCY COURT RULING, AND DISMISSING APPEAL

PER CURIAM.

On September 7, 2007, Appellants Jimmy Dean Pearson and Jeanette Lucille Pearson filed their Notice of Appeal to this Court from the Order Confirming Third Amended Chapter 13 Plan, entered August 28, 2007, by the United States Bankruptcy Court for the District of Wyoming.

Appellant had filed a First Amended Chapter 13 Plan and Motions ("First Plan") on April 27, 2007. The First Plan proposed to keep their cars, cramming down the secured debt. The Trustee objected, and a hearing was held on June 19, 2007. The bankruptcy court denied the

motion on the record, stating that Appellants could retain one of their vehicles and claim a deduction based on the monies owed, but that no ownership expense deduction could be taken for their fully paid for Buick in determining the amounts required on Form B22C and ultimately determining the amounts to be paid to their unsecured creditors under a plan. The court ordered that any amended plan must comply with those findings ("Order Denying Debtor's First Plan").

The crux of Appellants' claim on appeal was that confirmation of their subsequent Third Amended Plan was premised upon the court's erroneous denial of confirmation of their First Plan on the ground that under 11 U.S.C. § 707(b)(2)(A)(ii)(I) they had wrongfully claimed an ownership expense deduction on their fully paid for Buick, which thereby prevented them from including this deduction in calculating the amounts to be paid in the Third Amended Plan.

This Court agreed with Appellants, and on July 28, 2008, reversed the determination of the bankruptcy court, holding that the means test allows a debtor to take the full vehicle ownership/lease expense deduction even when the vehicle is unencumbered by lease or secured payments at the time of the bankruptcy filing (the "BAP Opinion").

On August 15, 2008, the Trustee Appellee Mark R. Stewart appealed to the United States Court of Appeals for the Tenth Circuit from the BAP Opinion. On January 22, 2009, the Court of Appeals entered its order dismissing Mr. Stewart's appeal on the ground that it had become moot (the "Dismissal Order").[1] The Dismissal Order vacates the BAP Opinion, and remands the matter to the BAP with instructions to vacate the bankruptcy court's rul-

---

1. *See* Dismissal Order attached hereto for the analysis of the Court.

ing as to the vehicle ownership deduction issue and dismiss this appeal.

Accordingly, it is HEREBY ORDERED that:

(1) This appeal is REOPENED.

(2) The bankruptcy court's ruling as to the vehicle ownership deduction issue is VACATED.

(3) This appeal is DISMISSED.

## ATTACHMENT

In re: Jimmy Pearson; Jeanette Lucille Pearson, a/k/a Jeanette Lucille Carlson, Debtors.

Mark R. Stewart, Trustee, Appellant,

v.

Jimmy Pearson; Jeanette Lucille Pearson, a/k/a Jeanette Lucille Calrson, Appellees.

United States of America, Amicus Curiae.

No. 08–8060

## ORDER

Before KELLY, MURPHY, and HARTZ, Circuit Judges.

Upon consideration of the "Appellees' Status Report and Suggestion of Mootness," and the responses filed by the appellant Trustee and amicus United States, the court orders this appeal **DISMISSED** as moot.

It is further ordered that the opinion of the United States Bankruptcy Appellate Panel of the Tenth Circuit (BAP), issued on July 28, 2008, is **VACATED**. The matter is remanded to the BAP with instructions to vacate the bankruptcy court's ruling as to the vehicle-ownership-deduction issue and dismiss the BAP appeal.